UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KOREA WHEEL CORPORATION,

    Petitioner,

  v.

JCA CORPORATION,

    Respondent.

CASE NO. C05-1590C

ORDER

This matter has come before the Court on Petitioner's motion for an order confirming a foreign arbitration award (Dkt. No. 9) and Respondent's cross-motion for an adjournment or stay (Dkt. No. 11). Having carefully considered the papers filed by the parties in support of and in opposition to the motion, the Court has determined that no oral argument shall be necessary. For the reasons that follow, Petitioner's motion is DENIED and Respondent's motion is GRANTED.

In January 2004, the parties to this action entered into a written contract regarding the purchase and sale of metal wheels for tires. (Pet'r's Mot. to Confirm 2.) Respondent JCA alleges that a few months later, in May 2004, it learned of a "significant design defect" in one of the types of wheels being provided to it by Petitioner. (Resp't's Opp'n 3.) As a result of the alleged defect, JCA paid damage claims made by its customers and expects to pay more such claims. (*Id*.) After learning of the problem, JCA asked Korea Wheel to replace the allegedly defective wheels. (*Id*.) By September 2004, Korea Wheel had delivered only 50 replacement wheels, compared to 19,690 allegedly defective wheels. (*Id*.) JCA stopped making payments on Korea Wheel's outstanding invoices. (*Id*.) In response, Korea Wheel

ORDER – 1

1  notified JCA that it would suspend further shipments until payment was made. (*Id.*)[1]

2  In November 2004, JCA submitted this dispute to arbitration with the Korean Commercial
3  Arbitration Board. (*Id.*) JCA sought damages for the allegedly defective wheels and for Korea Wheel's
4  alleged failure to deliver goods on other JCA purchase orders. Korea Wheel counterclaimed for the
5  unpaid invoices. (*Id.*)

6  At the arbitration, JCA rejected an offer by Korea Wheel to pay $350,000 as compensation for
7  the defective wheels. JCA believed that this amount would be insufficient to cover its future damages
8  from the allegedly defective wheels. In response, the arbitration panel recommended that JCA withdraw
9  its damages claim and reinstate the claim again later, after it had developed additional evidence regarding
10 the amount of damages. After the claim was withdrawn, the panel awarded Korea Wheel the amounts
11 due on the unpaid invoices, $869,929.62.

12 In October 2005, JCA started a new arbitration proceeding on its claim for damages regarding the
13 defective wheels. The principal amount sought is $1,060,299.26. A decision on this proceeding could be
14 rendered in about six months.

15 Under the circumstances of this case as set forth above, the Court finds that a stay pending
16 resolution of JCA's damages claim is warranted.

17 A court considering an enforcement action may postpone enforcement of an arbitral award under
18 Article VI of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards
19 ("Convention"), 9 U.S.C. §§ 201–208 (implementing Convention, June 10, 1958, 21 U.S.T. 2517,
20 T.I.A.S. No. 6997, 330 U.N.T.S. 38), or through its inherent power to stay.

21 Article VI of the Convention provides that "[i]f an application for the setting aside or suspension
22 of the award has been made[,] . . . the authority before which the award is sought to be relied upon, may,
23 if it considers it proper, adjourn the decision on the enforcement of the award." Here, the second arbitral

---

[1] Most of the operative facts in this section are taken from Respondent's brief. However, Petitioner did not object to Respondent's representations.

26 ORDER – 2

proceeding regarding JCA's damages claim, though it may result in a set-off, is not properly characterized as an "application for the setting aside or suspension" of the original award.  Indeed, JCA expressly recognizes the validity of the panel's first award, in favor of Korea Wheel. (*See, e.g.*, Resp't's Opp'n 5:11–12.)  Thus, Article VI does not provide any relief for JCA.

However, despite the validity of the first award, the resolution of the dispute between the parties is still incomplete.  JCA's now-pending claim for damages was originally to be decided together with Korea Wheel's counterclaim on the unpaid invoices and was voluntarily withdrawn at the suggestion of the arbitral panel until evidence of the amount of damages could be developed.  That JCA's claim and Korea Wheel's claim were split by the arbitrators need not result in a splitting of the relief afforded.  *See, e.g.*, *Hewlett-Packard Co. v. Berg*, 61 F.3d 101, 105 (1st Cir. 1995) (noting with favor that Hewlett-Packard had made a reasonable effort to have the claims and counter-claims heard at the same time).

Having reviewed the parties' representations, and for the foregoing reasons, the Court finds that a stay of the enforcement action pending resolution of the arbitration of JCA's claim is a cautious and prudent exercise of the Court's inherent power to stay.  *Hewlett-Packard*, 61 F.3d at 106.

Accordingly, the Court hereby ORDERS that Korea Wheel's motion to confirm the award be DENIED and that JCA's motion for a stay be GRANTED.  This action shall be removed from the Court's active caseload.  JCA is ORDERED to pay the amounts due to Korea Wheel under the June 23, 2005 arbitration award into the registry of the Court.  The parties may submit a subsequent order pursuant to Local Rule GR 6(a) regarding investment of the deposited funds.  The parties are DIRECTED to keep the Court informed of the progress of the arbitration of JCA's damages claims and to notify the Court once the arbitration has concluded.

SO ORDERED this <u>16th</u> day of December, 2005.

UNITED STATES DISTRICT JUDGE

ORDER – 3